IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3318-FL

| | |
|---|---|
| JAMANTE W. HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CORPORAL FISHER and THE ) | |
| CUMBERLAND COUNTY ) | |
| DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion to be transferred to safekeeping (DE 3).

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff, a pretrial detainee at the Cumberland County Detention Center, brings this action, pursuant to 42 U.S.C. § 1983, against Corporal Fisher ("Fisher") and the Cumberland County Detention Center. Plaintiff alleges the following:

> I was threatened by Corporal Fisher on the date of 12-05-13 at approximately 5:45 pm. Corporal Fisher stated that "he was going to bust my mother [] head." He work on B-platoon. The CO's that was working at the time was Corporal Fisher, Officer Gordon, Officer Pound, Officer Amerson, and Lieutenant Lesesen was working on shift. They are people well other inmates that heard him but they are in separates of the jail now. He threatened out loud in special management in C-pod. He was mad because I was complaining about something missing off of my dinner tray. I didn't have any dessert on my tray, so when I told him that they need to go get my dessert, that I was missing from my tray, He was walking down the stairs saying you don't tell me what to do you [], I will bust your [] head. After he stated that he told me I had 5 minutes to eat 15 minutes later Lt. Lesesen [and] corporal Fisher came to the pod. I didn't mention anything to him about the situation, but I did write a grievance on him and also wrote to major trotter.

Compl. pp. 3-4.

The court begins with plaintiff's contention that Fisher verbally harassed and threatened him in violation of the Fourteenth Amendment to the United States Constitution. The law is clear that "[m]ere threatening language and gestures of a custodial officer, even if true, do not amount to a constitutional violation." Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (quoting Coyle v. Hughs, 436 F. Supp. 591, 593 (W.D. Okla. 1977)), aff'd, 917 F.2d 1302 (4th Cir. 1990); Harris v. Green, No. DKC-12-434, 2013 WL 718868, at *4 (D. Md. Feb. 26, 2013) (finding verbal abuse of pretrial detainee did not constitute a constitutional violation); Capers v. Preston, No. 3:10CV225-MU02, 2010 WL 2015274, at *2 (W.D.N.C. May 19, 2010) ("Plaintiff further alleges that [defendant prison guard] told him that he was not going to get out of prison and that someone

was going to kill Plaintiff. As troubling as [defendant's] prognostication for Plaintiff's future may be, such conduct still does not rise to the level of violating Plaintiff's constitutional rights. On the contrary, the law is clear that verbal abuse of inmates by guards, without more, does not state a claim for relief. Nor do verbal harassment or idle threats to an inmate even if they cause an inmate fear or emotional anxiety constitute a violation of any constitutional rights.") (internal citations, ellipses, and quotation marks omitted); Emmons v. McLaughlin, 874 F.2d 351, 353-354 (6th Cir. 1983) (finding that verbal threats causing fear for plaintiff's life is not an infringement of a constitutional right).

Here, plaintiff's complaint is limited to allegations of verbal abuse alone and does not allege that he suffered any injury as a result of the alleged verbal harassment or threatening language. Accordingly, plaintiff has failed to state a claim pursuant to § 1983.[1]

Plaintiff additionally alleges "officers, corporals, and senior sergeants are discriminating against [him] because of his sexuality[.]" Plaintiff, however, has provided no factual support for this claim. Thus, it is DISMISSED without prejudice as frivolous. See Spaulding v. Dixon, No. 90-7315, 1990 WL 126136 *1 (4th Cir. Sept. 4, 1990) ("Spaulding's discrimination claim was properly dismissed as frivolous because his conclusory allegations are not sufficient to state a claim under 42 U.S.C. § 1983.").

In summary, plaintiff's action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff's motion to transfer (DE 3) is DENIED as MOOT. The Clerk of Court is DIRECTED to close this case.

---

[1] The court notes that plaintiff also named the Cumberland County Detention Center as a defendant in this action. "Claims under § 1983 are directed at 'persons' and the detention center is not a person amenable to suit." Preval v. Reno, 203 F.3d 821, 2000 WL 20591,*1 (4th Cir. Jan. 13, 2000). Therefore, plaintiff's claim against the Cumberland County Detention Center is DISMISSED as frivolous.

SO ORDERED, this the 4th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4